# Illinois Official Reports

## Appellate Court

---

### *Miller v. Thom*, 2021 IL App (4th) 200410

---

| | |
|---|---|
| Appellate Court Caption | BARBARA MILLER, as Special Administrator of the Estate of Charmaine Wren, Deceased, Plaintiff-Appellee, v. WILLIAM THOM, JoANN ADAMS, TAMMIE BLEVINS, RYAN LUEKING, CHRISTIE WEISS, TANYA WALKER, and ASSOCIATED PHYSICIANS GROUP, Defendants-Appellants. |
| District & No. | Fourth District<br>No. 4-20-0410 |
| Filed | September 14, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 19-L-184; the Hon. Ryan M. Cadagin, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kenneth M. Burke and Kara M. Burke, of Brown & James, P.C., of Belleville, for appellant William Thom.<br><br>Russell K. Scott and Donald K. Schoemaker, of Greensfelder, Hemker & Gale, P.C., of Belleville, for appellants JoAnn Adams, Ryan Lueking, Christie Weiss, Tanya Walker, and Associated Physicians Group.<br><br>Jeffrey J. Brinker and Stephen J. Fields, of Brinker & Doyen, LLP, of Clayton, Missouri, for other appellant. |

Timothy P. Hulla, of Napoli Shkolnik, PLLC, of Edwardsville, for appellee.

Panel                          JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Harris and Holder White concurred in the judgment and opinion.

## OPINION

¶ 1    Pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019), defendants, William Thom, JoAnn Adams, Tammie Blevins, Ryan Lueking, Christie Weiss, Tanya Walker, and Associated Physicians Group, appeal the Sangamon County circuit court's July 27, 2020, order granting the motion to transfer venue to St. Clair County by plaintiff, Barbara Miller, as special administrator of the estate of Charmaine Wren, deceased. On appeal, defendants argue the circuit court abused its discretion by granting plaintiff's motion to transfer venue based on the doctrine of *forum non conveniens*. We reverse and remand.

¶ 2                            I. BACKGROUND

¶ 3    Decedent died on February 5, 2016, after receiving medical care from defendants in Swansea, Illinois, which is in St. Clair County. In February 2018, plaintiff filed an action against defendants and Highland Park CVS, L.L.C., in Madison County. Miller v. Thom, No. 18-L-148 (Cir. Ct. Madison County). Defendants filed motions to dismiss plaintiff's complaint based on plaintiff's noncompliance with section 2-622 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-622 (West 2018)). Before the motions were ruled upon, plaintiff filed a motion for a voluntary dismissal, which the Madison County circuit court granted on August 17, 2018.

¶ 4    On August 14, 2019, plaintiff used the Odyssey e-filing system to file a complaint in St. Clair County against the same defendants except for Highland Park CVS, L.L.C. The filing was rejected on August 22, 2019, with the following notation: "Have to pay the fees for new case to be entered and jury demand that has been requested or there needs to be a waiver attached [*sic*]."

¶ 5    On August 23, 2019, plaintiff filed the medical malpractice complaint at issue in this appeal in Sangamon County. The caption of the complaint referred to St. Clair County and the Twentieth Judicial Circuit. The complaint set forth no ties to Sangamon County. The jurisdiction and venue statement alleged St. Clair County was the proper venue because the decedent received the medical care and treatment at issue in Swansea. Plaintiff's counsel's entry of appearance, notice of attorney's lien, and affidavit pursuant to Illinois Supreme Court Rule 222 (eff. Jan. 1, 2011) also referenced St. Clair County. The summons was issued by the clerk of the Sangamon County circuit court.

¶ 6    In December 2019, the attorneys for defendants entered their appearance in this case (defendants Blevins and Thom had their own attorneys while the other defendants had the same attorneys) and identified the circuit court as Sangamon County. Thereafter, defendants filed

motions to dismiss plaintiff's complaint for noncompliance with section 2-622 of the Procedure Code (735 ILCS 5/2-622 (West 2018)). On February 18, 2020, plaintiff's attorney filed in Sangamon County the affidavit required by section 2-622 and again identified the county of the action as St. Clair County. The attached report also referred to St. Clair County. That same day, defendants filed their notices of hearing, setting a hearing on their motions to dismiss for March 23, 2020.

¶ 7 On March 2, 2020, plaintiff filed a motion to transfer venue to correct an "inadvertent" error made at the time of filing the complaint. Plaintiff noted St. Clair County was listed as the county of venue in the complaint but alleged Sangamon County was inadvertently selected during the electronic filing process. Plaintiff asserted a transfer to St. Clair County was proper under the law and best served the interests of justice since the alleged malpractice occurred there. She further contended venue was not proper in Sangamon County because no party resided there and the claimed negligence did not occur there. Plaintiff filed a notice of hearing on the motion to transfer venue for March 11, 2020. Defendants replied to the motion and objected to the change of venue.

¶ 8 On June 19, 2020, the circuit court held a telephone conference on plaintiff's motion to transfer and denied the motion. The court also gave plaintiff seven days to file a *forum non conveniens* motion. A report of proceedings for the hearing is not included in the record on appeal.

¶ 9 On June 26, 2020, plaintiff filed a motion for change of venue based on the doctrine of *forum non conveniens*. Plaintiff argued the doctrine applied because none of the parties resided in Sangamon County and none of the events forming the basis of the case occurred in Sangamon County. She asserted the court should transfer this case to St. Clair County, which had multiple connections to the case. Defendants filed responses again objecting to a change of venue, contending, *inter alia*, a plaintiff cannot file a *forum non conveniens* motion and her motion was untimely.

¶ 10 On July 22, 2020, the circuit court held a hearing on plaintiff's request for a change of venue based on *forum non conveniens*. A report of proceedings for the hearing is not included in the record on appeal. The court entered its written order granting plaintiff's motion on July 27, 2020.

¶ 11 On August 25, 2020, defendants filed a timely petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019). In September 2020, this court denied defendants' petition. Defendants appealed our denial to the Illinois Supreme Court, which denied the petition but entered a supervisory order directing this court to vacate our September 2020 order, allow defendants leave to appeal, and consider the issues presented on the merits. *Miller v. Thom*, No. 126604 (Ill. Jan. 27, 2021) (supervisory order). Accordingly, this court has jurisdiction of defendants' appeal.

¶ 12                                            II. ANALYSIS

¶ 13 Defendants first assert a plaintiff has no right or standing in law to seek a change of venue based on the doctrine of *forum non conveniens*. Plaintiff contends St. Clair County is clearly the proper venue for the case and the court's ruling was proper.

¶ 14 "A motion filed pursuant to *forum non conveniens* seeks to move the action from one forum with proper venue to another, more convenient forum with proper venue." *Tabirta v.*

*Cummings*, 2020 IL 124798, ¶ 18. The equitable doctrine of *forum non conveniens* is distinct from venue, which is purely statutory. *Tabirta*, 2020 IL 124798, ¶ 18. Section 2-101 of the Procedure Code provides, in pertinent part, the following:

> "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018).

Section 2-102(a) of the Procedure Code (735 ILCS 5/2-102(a) (West 2018)) defines residency for corporate defendants and provides a private corporation "is a resident of any county in which it has its registered office or other office or is doing business."

¶ 15 This case is a matter of first impression. In 2018, e-filing became mandatory for circuit courts statewide. Before mandatory e-filing, an individual filing a complaint knew in what county he or she was filing the complaint since the person was physically addressing the envelope to the designated county or standing in the county's courthouse. As with any computer program, e-filing has its user errors. Here, plaintiff sought to change venue because she alleges she inadvertently filed her complaint in the wrong county. Thus, this case presents a situation where the plaintiff and not the defendant is the party unhappy with the venue. That situation was highly unlikely to occur either at common law or when the venue statute was enacted.

¶ 16 We need not address whether a plaintiff can file a motion under the *forum non conveniens* doctrine because the facts before us do not fall under that doctrine. Both in the circuit court and on appeal, plaintiff contends Sangamon County has no ties to the cause of action. Thus, under section 2-101, venue is not proper in Sangamon County. As such, this case does not involve determining which of two *proper* venues is a more convenient forum.

¶ 17 In her brief, plaintiff "reminds" this court she filed a motion for change of venue and essentially suggests this court should extend the doctrine or statute to apply to a clerical error with electronic filing. While we have found plaintiff's request for a change of venue is not proper under the doctrine of *forum non conveniens*, we will examine the venue statute. Assuming, *arguendo*, plaintiff's request for a change of venue could be considered proper under the venue statute, she waited nearly seven months to file a motion under the venue statute to address the alleged clerical error. During that period, defendants entered their appearances and made jury demands in December 2019 and January 2020. In January and February 2020, defendants filed motions to dismiss plaintiff's complaint. No defendant raised an objection to venue.

¶ 18 Under section 2-104(b) of the Procedure Code (735 ILCS 5/2-104(b) (West 2018)), a defendant waives all objections of improper venue unless he or she files a motion to transfer to a proper venue "on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint." The Illinois venue statute ensures " 'the action will be brought either in a location convenient to the *defendant*, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose.' " (Emphasis added.) *Tabirta*, 2020 IL 124798, ¶ 16 (quoting *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328, 368 N.E.2d 88, 91 (1977)). "Proper venue is a valuable privilege belonging to the

defendant." *Tabirta*, 2020 IL 124798, ¶ 16. In this case, the time for objecting to venue had passed before plaintiff filed her motion for change of venue. It would be unjust to allow plaintiff to bring her motion objecting to venue after the statutory period for defendants had passed given the statute is designed to protect defendants. Accordingly, we find plaintiff waited too long to address a clerical error for this court to even consider construing the venue statute to allow a change of venue based on a plaintiff's electronic filing error which resulted in an improper venue.

¶ 19 Plaintiff asks that, if this court finds the relief granted was inappropriate, she be granted alternative relief under Illinois Supreme Court Rule 187(c)(2) (eff. Jan. 1, 2018). Since we have found plaintiff did not state a claim for relief under the doctrine of *forum non conveniens* and is not entitled to relief, we do not grant plaintiff's request for alternative relief.

¶ 20                                III. CONCLUSION

¶ 21 For the reasons stated, we reverse the Sangamon County circuit court's July 27, 2020, judgment and remand the cause for further proceedings in Sangamon County.

¶ 22 Reversed and remanded.